YVONNE JAQUITH ET AL. *v.* JULIE P. REVSON ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued May 5—decided June 2, 1970

*Edward J. Zamm,* for the appellant (named defendant).

*Leon R. Nemore,* with whom was *Elsie K. Nemore,* for the appellee (plaintiffs).

SHAPIRO, J. In March, 1967, the plaintiffs instituted this action to foreclose a judgment lien resulting from a judgment by default entered in a prior case, docket No. 5476, on July 15, 1966, in favor of the herein plaintiffs against Julie P. Revson, hereinafter referred to as the defendant. On April 21, 1967, the defendant filed an answer and a counterclaim in the instant case seeking to open the July, 1966, judgment. Because the defendant failed to comply with an order to make her counterclaim more specific, the court, on August 8, 1968, rendered a judgment of nonsuit against her on her counter-

claim. On October 24, 1968, the defendant filed a motion to open the judgment of nonsuit. On October 31, 1968, the court denied the motion. From the denial of that motion the defendant has appealed to this court.

The undisputed facts disclose that in docket No. 5476, instituted by Yvonne Jaquith doing business as The French Balloon Company, The House of Charney, Inc., and Yvonne Interiors, Inc., against the defendant, the latter had had three different counsel with whom she failed to cooperate. A default entered against the defendant on February 11, 1966, for failure to plead was opened on stipulation of the parties. Finally, on July 15, 1966, a judgment by default was rendered, and execution thereon was returned unsatisfied on November 9, 1966. The case now before us, commenced in March, 1967, is a suit to foreclose the judgment lien resulting from the earlier action.

On April 21, 1967, the defendant filed an answer and a counterclaim in the present suit seeking to open the judgment in No. 5476. After a series of delays and failure by the defendant to comply with a court order directing disclosure as related to the counterclaim, judgment of nonsuit was entered on August 8, 1968, against her on her counterclaim. The court had weighed all the circumstances of this case as well as those in docket No. 5476. These included a ten-month delay by the defendant from June 16, 1966, when she received by registered mail a copy of the motion for judgment by default in No. 5476, until April 21, 1967, when she filed her counterclaim in the present action, during which interval of time she took no action to set aside the default judgment rendered against her in No. 5476; the granting by the court of time for compliance

with its order for disclosure in the present case, affording her a total of eleven weeks; then her refusal to comply fully with that court order; and her failure to confer with the Connecticut counsel who represented her in the present action but instead meeting with her New York counsel regarding the furnishing of information for the disclosure motion. The docket entry on August 8, 1968, recited, in part, "Judgment of Nonsuit vs. the defendant Revson on her counterclaim, . . . , counsel notified." On October 24, 1968, the defendant filed a motion to open the judgment of nonsuit, and that motion was denied on October 31, 1968. The court concluded that she had failed and refused to comply with the court order and had failed to present or introduce facts showing reasonable cause for not complying or that she was prevented by mistake, accident or other reasonable cause from complying.

This appeal is limited to the trial court's decision of October 31, 1968, denying the defendant's motion to open the judgment of nonsuit. Thus the only issue before us is whether the trial court abused its discretion in denying her motion.

Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court. *Galvin* v. *Birch*, 98 Conn. 228, 232, 118 A. 826. A nonsuit not based on the insufficiency of the evidence is a final judgment from which an appeal lies. Maltbie, Conn. App. Proc. § 11. The nonsuit, having been entered against the defendant for failing to comply with an order of the trial court to make her counterclaim more specific, and not for failure to make out a prima facie case under § 52-210 of the General

Statutes, was a final judgment from which an appeal lay. *Gryskiewicz* v. *Morgan,* 147 Conn. 260, 261, 159 A.2d 163; Maltbie, op. cit. § 11; see Practice Book § 280. The plaintiffs' motion for a judgment of nonsuit against the defendant was granted by the court, as recited in its memorandum of decision filed August 8, 1968. On the same date, the judgment of nonsuit was rendered. The entry of this judgment was in accordance with Practice Book § 285. The defendant admits receiving a copy of the court's memorandum of decision. The actual judgment was the pronouncement by the court of its decision upon the issues before it, which took the form of a memorandum of decision. *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 607 n., 198 A. 259; *Hull* v. *Thoms,* 82 Conn. 386, 391, 73 A. 793; *Sisk* v. *Meagher,* 82 Conn. 376, 377, 73 A. 785; *Goldreyer* v. *Cronan,* 76 Conn. 113, 115, 55 A. 594; Maltbie, op. cit. § 123. No appeal was taken therefrom.

The motion to open the judgment of nonsuit should have been granted if, but only if, the court, in its sound discretion, found that the defendant had shown "reasonable cause" under § 52-212 of the General Statutes.[1] See also Practice Book § 286. The granting of relief under this statute, when its provisions are properly complied with, lies within the sound discretion of the trial court. But the orderly

---

[1] "Sec. 52-212. REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. Any judgment rendered or decree passed upon a default or nonsuit in the superior court, the court of common pleas or the circuit court may be set aside, within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff

administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute. *Lundborg* v. *Salvatore,* 148 Conn. 435, 438, 171 A.2d 400; *Gryskiewicz* v. *Morgan,* supra; *Paiwich* v. *Krieswalis,* 97 Conn. 123, 125, 115 A. 720. Such relief ordinarily should not be granted if the failure to comply with an order of the court resulted from the moving party's own negligence. While the defendant's motion to open the judgment of nonsuit recites her history of illness and cause for seclusion as the reason for her failing to comply with the court order, it failed to set forth facts showing reasonable cause for not complying with the court order or that she was prevented by mistake, accident or other reasonable cause from complying. Although the defendant alleged facts which she asserted were reasonable grounds for not complying with the court order, the facts as properly found by the court clearly show that she was not prevented from complying with the order as a result of mistake, accident or other reasonable cause but, on the contrary, that her failure to comply was due to her own negligence. Thus, the court was correct in its ruling and did not abuse its discretion in denying the motion to open the judgment of nonsuit.

There is no error.

In this opinion the other judges concurred.

---

or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or making the same. Such complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. The court shall order reasonable notice of the pendency of such complaint or written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such complaint."