FRANK J. FRECCIA ET AL. *v.* JAMES MARTIN ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued March 8—decided May 24, 1972

*Sidney Vogel,* for the appellants (defendants).

*Howard C. Kaplan,* for the appellees (plaintiffs).

RYAN, J. This is an action on a promissory note brought by the plaintiffs Frank J. Freccia and C. Emily Freccia against the defendants James Martin and Ramela Martin. The complaint alleges that the defendants signed and delivered to the Bank of Commerce of the city of New York their promissory

note dated February 15, 1962, for $5940, payable in thirty-six equal consecutive monthly installments of $165 commencing March 15, 1962; that the plaintiffs signed the note as accommodation makers for the defendants; that on failure of the defendants to make the required payments the bank made demand on the plaintiffs for payment; that on August 4, 1963, the bank, in consideration of the payment to it by the plaintiffs of the sum of $4638.79 representing the total balance due, assigned the note to the plaintiffs; and that the plaintiffs are now the owners and the holders of the note which has not been paid. The defendants' answer denied the material allegations of the complaint. Almost five years later, on July 12, 1968, the defendants moved to amend their answer by adding two special defenses and a counterclaim. The second special defense, which is the only one relevant to this appeal, alleged that sometime after February 15, 1962, to secure the advance made by the bank, which the defendants believed had been made by the plaintiffs, the defendants deeded certain real property to the plaintiffs against payment of the obligation, and that a deed to the premises is still being held by the plaintiffs in place of a mortgage securing the indebtedness. The counterclaim incorporated the allegations of the second special defense and prayed for cancellation of the deed. The court permitted the defendants to amend their answer by adding the two special defenses, but refused to allow them to add the counterclaim.

The action was tried to the court, which on December 20, 1968, rendered judgment for the plaintiffs to recover of the defendants the sum of $4638.79 plus interest from August 14, 1963. From this judgment the defendants appealed to this court.

Seven and one-half months later, on August 5, 1969, following the filing on June 10, 1969, of their draft finding, the defendants filed a motion to "reopen" the judgment so that they might offer further evidence. The motion was heard at short calendar and was denied on November 13, 1969. Pursuant to the provisions of Practice Book § 639, the defendants included in their appeal to this court the ruling of the trial court on the motion to "reopen" the judgment.

In their assignments of error, the defendants seek to have added to the finding certain facts which they claim are either admitted or undisputed. This court has the power to correct a finding where it fails to include admitted or undisputed facts. Practice Book § 627; *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123. A fact, however, is not admitted or undisputed simply because it is uncontradicted. In the case at bar there was no failure on the part of the trial court to include any paragraphs of the draft finding which were admitted or undisputed. *Walker* v. *Jankura,* 162 Conn. 482, 484, 294 A.2d 536; *Schurgast* v. *Schumann,* 156 Conn. 471, 474, 242 A.2d 695.

The defendants also claim that certain paragraphs of the finding were found without evidence. This claim is without merit, since the challenged paragraphs of the finding pursued in the brief either are directly supported by the evidence or are based on inferences reasonably drawn from the evidence. *Cappiello* v. *Haselman,* 154 Conn. 490, 492, 227 A.2d 79.

The finding, which is not subject to correction, discloses the following facts: The defendant James Martin is a licensed public accountant and has been

engaged in the building business since 1958. In early 1962, Martin needed $5000 to finance his construction operations in the state of New York. He discussed this matter with the plaintiffs, who suggested that he seek the aid of the Bank of Commerce in the city of New York. The plaintiff, Emily Freccia, had done business with that bank and recommended Martin to the bank. Martin applied for and received a loan from the Bank of Commerce. On February 15, 1962, the defendants executed a note for $5940 payable to the Bank of Commerce and cosigned by the plaintiffs. The plaintiffs received no security for cosigning the note. The defendants paid five or six installments on the note, but then stopped making payments. Subsequently, the plaintiffs paid the note and received an assignment of the note from the Bank of Commerce. The plaintiffs demanded that the defendants reimburse them for the amount which they were compelled to pay, but the defendants failed to do so.

The court also found that on January 26, 1962, the defendant James Martin conveyed to the plaintiffs all his interest in a certain parcel of land situated in the town of Weston, Connecticut, for which the plaintiffs paid him $2000. This conveyance was accomplished by an unconditional quitclaim deed witnessed by an attorney who also took the acknowledgment on the deed as a commissioner of the Superior Court. In connection with the sale of the land, the defendant James Martin was represented by another attorney who was then associated with the law firm which represented the defendant in this case. The attorney who took the acknowledgment was acquainted with this transaction. The defendant Ramela Martin did not appear to testify at the trial, nor did either of the attorneys.

Based on these findings, the court concluded, inter alia, that the plaintiffs are the assignees and holders of the note for consideration, and that a balance of $4638.79 plus interest from August 14, 1963, is due and payable to them. It also concluded that the real estate transaction was an independent one which was unrelated to the loan. It is abundantly clear that these conclusions are amply supported by the finding, and, accordingly, they must stand. *Lewis* v. *Lewis,* 162 Conn. 476, 480, 294 A.2d 637.

The defendants also assign error in the court's refusal to permit them to amend their answer by filing a counterclaim and in the court's refusal to open the judgment. Permitting amendments to the pleadings is discretionary with the trial court. *Acampora* v. *Ledewitz,* 159 Conn. 377, 380, 269 A.2d 288. Our courts have pursued a liberal policy in this regard. *Johnson* v. *Toscano,* 144 Conn. 582, 587, 136 A.2d 341. Amendments, however, should be made seasonably. In passing on a motion to amend, the court should consider the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. *Cummings* v. *General Motors Corporation,* 146 Conn. 443, 449, 151 A.2d 884. Undue delay in the proceedings is often a controlling consideration. Maltbie, Conn. App. Proc. § 63. It is within the court's discretion to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. *Stanley* v. *M. H. Rhodes, Inc.,* 140 Conn. 689, 692, 103 A.2d 143. That is precisely what the court did in the case at bar. The defendants sought to amend their answer by filing a counterclaim approximately five years after the pleadings had been closed. The counterclaim was deficient in that it made no attempt to locate or describe the

realty conveyed. The date of the conveyance was January 26, 1962, and the counterclaim was filed July 12, 1968, more than six years after the date of the conveyance. On the identical facts pleaded in the defendants' second special defense the trial court found that the plaintiffs paid the defendant James Martin $2000 for the real estate and that this transaction was unrelated to the loan by the Bank of Commerce. The defendants were not prejudiced by the trial court's ruling. The court's refusal to permit this was a proper exercise of its discretion and cannot be disturbed.

The assignment of error based on the refusal of the trial court to order the judgment opened so that the defendants might offer further evidence has no merit. The granting or denial of such a motion rests in the sound discretion of the trial court, reviewable only in the case of abuse. *Stocking* v. *Ives*, 156 Conn. 70, 72, 238 A.2d 421. The motion, made seven and one-half months after judgment, apparently was prompted by discovery of a photostat of a letter, a fragment of which had been offered at trial but which was not admitted as a full exhibit. The defendants claim that the letter was written by the defendant James Martin to the plaintiff Emily Freccia and was offered to corroborate Martin's testimony and to cast doubt on the credibility of Freccia. The court found that the motion was submitted without any supporting evidence, and that the photostat was not relevant to any issue of fact, was not a true photostat of the fragment previously offered in evidence, or of any letter purporting to supplement the aforementioned fragment. There was no abuse of discretion by the trial court.

While the question was not raised by the parties, we believe that the provisions of Practice Book § 254

should be observed. "The rule requires such a motion to be filed within six days after the rendition of the judgment. It contemplates that action on the motion shall be taken while the court has power to modify its judgment, that is, during the term in which the judgment is rendered or while the court has the power by virtue of the fact that the motion is pending. See *Morici* v. *Jarvie,* 137 Conn. 97, 104, 75 A.2d 47." *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575, 87 A.2d 137. The motion was not timely filed. The issue, however, properly could have been raised by a petition for a new trial. General Statutes § 52-270.

There is no error.

In this opinion the other judges concurred.