MANCHESTER STATE BANK ET AL. *v.* ANTONIO REALE ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 5—decision released March 8, 1977

*Arthur N. Greenblatt,* for the appellants (defendants).

*Milton I. Caplan,* with whom, on the brief, was *Geoffrey A. Hecht,* for the appellees (plaintiffs).

BARBER, J. The plaintiff banks brought this action, in three counts, seeking damages against the defendants. The first count is based on the defendants' guarantee of a corporate liability on a lease, and the second and third counts involve two separate promissory notes. Each count claims as damages the balance due on the particular instrument, together with attorneys' fees of 15 percent. By means of assignment, each plaintiff became the holder of the instrument on which it has brought suit. On November 14, 1975, the court (*Dean, J.*) granted motions for default against the defendants for failure to plead and for failure to disclose a defense. On December 12, 1975, the court (*Missal, J.*), after hearing, granted the plaintiffs' motion for judgment by default. At the hearing, the plaintiffs filed their respective affidavits of debt which included attorneys' fees of 15 percent on the indebtedness. The affidavits sought an aggregate attorneys' fee of $64,149.77, representing the amount provided for in the documents involved. Upon rendering judgment, however, the court included a lesser attorneys' fee of $38,471.43. The total amount of the judgment on all three counts, including attorneys' fees, was in the amount of $466,136.68.

At the hearing on the motion for judgment, the defendant Reale appeared by counsel, but the defendant Monterosso did not appear in person or by counsel. At the hearing, counsel for the defendant Reale objected to judgment being rendered at that time, and stated that "he would like an opportunity to make the decision as to whether or not to reopen the default and file a special defense." Neither defendant made a written or oral motion to open the default, and the court rendered judgment. On December 26, 1975, the defendants filed a written motion to open the judgment. The defendants claimed that they had recently discovered a legal defense of which they were previously unaware. The court denied the motion, and the defendants have appealed from the judgment rendered.

The defendants have assigned error on the part of the trial court in failing to find certain facts set forth in their draft finding which they claim are undisputed, in not reaching the conclusion set forth in their draft finding, and in reaching the conclusions set forth in the finding. The assignment of errors relating to the addition of claimed undisputed facts to the finding has not been briefed nor does the record support the defendants' claim. Furthermore, no appendix has been provided containing portions of the transcript which might substantiate the claim. See Practice Book § 628L; *Lathrop* v. *Planning & Zoning Commission,* 164 Conn. 215, 217, 319 A.2d 376. The conclusion set forth in the draft finding constitutes no more than the opposite of one of the conclusions made by the trial court contained in the finding. The finding is not subject to correction. We need only consider whether the subordinate facts in the finding support the conclusions reached by the trial court. The court concluded (1) that the defend-

ants had not alleged that they were prevented by mistake, accident or other reasonable cause unrelated to their own negligence from making a defense, (2) that a motion which merely alleges that the defendants were deprived of a defense states insufficient cause for the opening of a judgment of default, and (3) that a party's negligence or inattention provides no ground for vacating a judgment and mere lack of knowledge that a particular defense was available is insufficient cause for opening a judgment. A trial court's conclusions are not erroneous and must stand unless they violate law, logic or reason or are inconsistent with the subordinate facts in the finding. *Roby* v. *Connecticut General Life Ins. Co.,* 166 Conn. 395, 397, 349 A.2d 838; *Klein* v. *Chatfield,* 166 Conn. 76, 80, 347 A.2d 58.

Any judgment rendered upon a default may be set aside within four months succeeding the date on which it was rendered, "upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or making the same. Such complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear." General Statutes § 52-212; Practice Book § 286. Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be

disturbed on appeal unless it clearly appears that the trial court has abused its discretion. See *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280; *Stocking* v. *Ives,* 156 Conn. 70, 72, 238 A.2d 421; 46 Am. Jur. 2d, Judgments, § 682. This rule applies also to default judgments. *New England Floor Covering Co.* v. *Architectural Interiors, Inc.,* 159 Conn. 352, 357, 269 A.2d 267; 46 Am. Jur. 2d, loc. cit. "The granting of relief under . . . [General Statutes § 52-212], when its provisions are properly complied with, lies within the sound discretion of the trial court. But the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute." *Jaquith* v. *Revson,* 159 Conn. 427, 431, 270 A.2d 559; *Munch* v. *Willametz,* 156 Conn. 6, 9, 238 A.2d 424; *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, 300, 224 A.2d 739. The denial of such relief to a party who has suffered a default judgment by his failure to defend properly should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's own negligence. *Jaquith* v. *Revson,* supra; *Jacobson* v. *Robington,* 139 Conn. 532, 536–38, 95 A.2d 66.

The defendants' motion to open alleges that counsel believed there was a defense to the action of which counsel was not aware until the day before the hearing on the motion for judgment. The motion contains no allegation, nor does the finding include subordinate facts to support a conclusion, that the defendants were prevented by mistake, accident or other reasonable cause unrelated to their own negligence from making such a defense at the hearing on the plaintiffs' motion for judgment. Neither does the motion contain any allegation of what their pur-

ported defense might be other than a general reference to "very recent case law in the State of New York." In their brief, the defendants claim that the essence of their purported defense is that any payment of attorneys' fees to the plaintiffs constituted additional and, therefore, usurious interest in violation of § 37-4 of the General Statutes. It is unnecessary for us to determine the probable validity of such a defense. The conclusions of the trial court are legally and logically consistent with the facts found and do not involve the application of any erroneous rule of law material to the issue. *Roby* v. *Connecticut General Life Ins. Co.,* supra. The defendants failed to sustain their burden of showing that they were prevented by mistake, accident or other reasonable cause unrelated to their own negligence from making such a defense prior to rendition of judgment.

There is no error.

In this opinion the other judges concurred.