KAPLAN AND JELLINGHAUS, P.C. *v.* NEWFIELD YACHT SALES, INC., ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued November 6—decision released November 27, 1979

*Carl W. Nielsen,* for the appellants (defendants).

*William P. Yelenak,* for the appellee (plaintiff).

PER CURIAM. The defendants appeal from the trial court's denial of their motion to open a default judgment against them for legal services in the amount of $9300 plus costs. The trial court's finding included the following facts. The plaintiff law firm represented the defendants in a law suit which terminated on July 20, 1978. A civil action was commenced for the payment of the legal services on August 1, 1978, four days after the senior partner in the plaintiff law firm spoke with the defendant Kathleen Wallack[1] about such payment. Return on the civil action begun on August 1, 1978, was due August 15, 1978, and the plaintiff served the defendants with a motion for default for failure to appear and for judgment by certified mail and regular mail on August 18, 1978, and by personal service through a deputy sheriff on August 21, 1978.

The writ, summons and complaint and the motion for default for failure to appear and for judgment were placed in a bureau drawer by the defendant, Kathleen Wallack. The same defendant was familiar with defaults and procedures involving opening judgments, having been involved in at least six such actions. Judgment was entered against the defendants on September 18, 1978, and the defendants did not enter their appearance in the present case until November 9, 1978, at which time they sought to set aside the judgment.

---

[1] The defendant Kathleen Wallack was the president of the corporate defendant and the trial court found that she received all the legal documents sent to the corporation.

In order to set aside a judgment passed upon default, there must be a showing that (1) a good defense existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident, or other reasonable cause. General Statutes § 52-212; Practice Book, 1978, § 377; *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523, 375 A.2d 1009. The trial court assumed arguendo that the first showing had been made and that the only relevant inquiry was whether the defendants had a sufficient excuse for not appearing and presenting their defense.

The defendants claim that the trial court erred in not concluding that the defendant Kathleen Wallack's trust in her former attorney was "other reasonable cause" to set aside the judgment. A trial court's conclusions are not erroneous unless they violate law, logic, or reason or are inconsistent with the subordinate facts in the finding. *Manchester State Bank* v. *Reale,* supra, 523; *Roby* v. *Connecticut General Life Ins. Co.,* 166 Conn. 395, 397, 349 A.2d 838; *Klein* v. *Chatfield,* 166 Conn. 76, 80–81, 347 A.2d 58. The trial court found that the defendants had notice of both the civil action for payment for legal services and of the motion for judgment, that the defendants received and ignored the legal documents, and that the defendants were familiar with default proceedings. In view of this finding the trial court's conclusion that the defendant Kathleen Wallack's continued trust and reliance upon her former attorney, now turned adversary, was irrational and clearly constituted negligence and that the defendants' failure to appear was the result of that negligence and not of "other reasonable cause" is fully supported by the subordinate facts.

The action of a trial court in either granting or denying a motion to open a default judgment lies within its sound discretion. *Manchester State Bank v. Reale,* supra, 524; *New England Floor Covering Co.* v. *Architectural Interiors, Inc.,* 159 Conn. 352, 357, 269 A.2d 267. This court has consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's negligence. *Manchester State Bank v. Reale,* supra; *Jaquith* v. *Revson,* 159 Conn. 427, 432, 270 A.2d 559; *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, 300, 224 A.2d 739; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34, 82 A.2d 146.

There is no error.