HARTFORD FEDERAL SAVINGS AND LOAN ASSOCIATION
*v.* STAGE HARBOR CORPORATION ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued April 9—decision released June 3, 1980

*Joseph Glass,* with whom was *Lynda M. Batter,* for the appellant (defendant Country Lumber, Inc.).

*Alan B. Silver,* with whom, on the brief, were *Samuel B. Feldman* and *Robert Weinstein,* for the appellee (plaintiff).

PER CURIAM. The defendant Michael Bourassa, both in his individual capacity and as president of the defendant Stage Harbor Corporation, executed a promissory note in favor of the plaintiff, Hartford Federal Savings and Loan Association, in the principal amount of $190,600 in order to obtain financing for the construction of four single family dwellings on property located in Marlborough. The note provided that the principal amount would be paid over to Stage Harbor "in installments as the work progresses, the time and amount of each advancement to be at the sole discretion and upon the estimate of said holder." To secure the note, Stage Harbor executed a mortgage deed in favor of the plaintiff on the four parcels of land upon which the dwellings were to be constructed.

Upon default of payment, Hartford Federal Savings and Loan Association commenced the present foreclosure action seeking money damages in the amount of $94,800 plus late charges, interest and reasonable attorneys' fees. The complaint named as a defendant Country Lumber, Inc., along with several other parties, all of whom allegedly possessed an interest in the subject properties subordinate to the interest of the plaintiff. On December

11, 1978, the plaintiff made written demand for disclosure of defense upon the parties who filed an appearance,[1] including Country Lumber, but none of those parties made the requested disclosure. At the January 12, 1979 hearing on the plaintiff's motion for judgment, with only the defendant Evans Floor Covering, Inc., present and no disclosure of defense filed by any of the defendants, the trial court heard testimony, took evidence and rendered judgment of strict foreclosure as to all four of the properties in favor of the plaintiff in accordance with § 236 of the 1978 Practice Book. Prior to the first law day designated by the trial court, the defendant Country Lumber filed a motion to open the judgment of strict foreclosure. The trial court denied the motion and the defendant Country Lumber appealed.

The defendant Country Lumber claims error in the failure of the trial court to open the judgment of strict foreclosure. "Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. See *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280; *Stocking* v. *Ives,* 156 Conn. 70, 72, 238 A.2d 421; 46 Am. Jur. 2d, Judgments, § 682." *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009; *Sebastiano* v. *Corde,* 171 Conn. 324, 325, 370 A.2d 946. General Statutes § 49-15. "The denial of such relief to a party who has suffered a default judg-

---

[1] Several of the named defendants failed to file an appearance and a default judgment was subsequently rendered against them. Practice Book, 1978, §§ 352, 364.

ment by his failure to defend properly should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's own negligence." *Manchester State Bank* v. *Reale,* supra, 524; *Jaquith* v. *Revson,* 159 Conn. 427, 431, 270 A.2d 559; *Jacobson* v. *Robington,* 139 Conn. 532, 95 A.2d 66. The defendant's motion to open the judgment was an attempt to assert a defense based on the fact that construction had never started on two of the four subject properties. That fact, the defendant argues, was not discovered until judgment had been rendered. As the trial court noted, however, the nonexistence of construction on those properties was a fact easily discoverable prior to the rendition of judgment and the failure of the defendant to do so is an insufficient ground upon which to open the judgment at a later date. In addition, had the defendant attended the hearing on the plaintiff's motion for judgment, it would have learned, from the testimony of the plaintiff's appraiser, that construction had not begun on two of the subject properties. Under these circumstances, we cannot say that the trial court abused its discretion in refusing to open the judgment of strict foreclosure.

Country Lumber also challenges the constitutionality of the lis pendens statute; General Statutes § 52-325; presumably as grounds for setting aside the judgment of foreclosure. In *Kukanskis* v. *Griffith,* 180 Conn. 501, 430 A.2d 21, this court declared § 52-325 of the General Statutes unconstitutional. Our decision in *Kukanskis,* however, can have no effect in this case under the circumstances herein since judgment has been entered. The most the defendant could have achieved with his attack on the lis pendens statute was the dissolution of the

notice of lis pendens placed on the properties, but this issue became moot upon the entry of judgment of strict foreclosure.

In addition, we do not consider the defendant's claims of error in the judgment in view of the defendant's failure to disclose a defense. Absent exceptional circumstances, which are not present in this case, this court will not review questions not raised in the trial court. *Bonner* v. *Winter*, 175 Conn. 41, 49, 392 A.2d 436; *New Haven Savings Bank* v. *Valley Investors*, 174 Conn. 77, 84, 384 A.2d 321; *Connecticut Light & Power Co.* v. *Kluczinsky*, 171 Conn. 516, 523, 370 A.2d 1306.

There is no error.