## IN RE JUVENILE APPEAL (84–1)* (2344)

DANNEHY, C.P.J., TESTO and BORDEN, Js.

Argued November 4, 1983—decision released February 21, 1984

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*M. Yvonne Gonzalez,* for the appellant·(mother of the juvenile).

*Thomas DeMatteo,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (commissioner of the department of children and youth services).

TESTO, J. The respondent appeals[1] following the denial of her motion to open the judgment rendered on December 22, 1981, which terminated her parental rights in her son, and following the denial of her motion for a new trial.

The child was born in 1979 suffering from methadone withdrawal because of the respondent mother's use of drugs both before and immediately after his birth. Due to the mother's drug dependency, the child was in foster care from birth and was subsequently committed to the department of children and youth services in October, 1980.

A petition to terminate parental rights was filed by the commissioner of the department of children and youth services in June, 1981. The mother contested the termination proceedings but failed to appear at seven of the eight scheduled hearings. At the final hearing on December 22, 1981, the court denied a request from her attorney for a further·continuance and granted the termination petition. The trial court found that the state had proven that the mother had abandoned the child within the meaning of General Statutes (Rev. to 1981)

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

§ 17-43a.[2] The mother filed a motion to open the judgment pursuant to Practice Book § 326,[3] on January 21, 1982. This motion was scheduled for a hearing. Again the mother failed to appear. The motion was denied.

The mother thereafter filed a motion to reargue her motion to open judgment. This was considered by the court and by the parties as a motion for a new trial pursuant to General Statutes § 52-270.[4] The court denied this motion. The respondent brought this appeal claiming error in the court's denial of her motions. We hold that the trial court did not abuse its discretion in denying the mother's motions to open the judgment and for a new trial.

A petition for a new trial is addressed to the sound, legal discretion of the trial court, and its action in granting or refusing such trial will not be reviewed or set aside by this court, unless it appears that the trial court has abused the discretionary power confided to it, or has refused to exercise such power in a proper case, or has in some way erroneously misjudged as to the

[2] General Statutes (Rev. to 1981) § 17-43a (a) provides in relevant part: "The superior court upon hearing and notice . . . may grant [the petition for the termination of parental rights] upon finding that over an extended period of time, which . . . shall not be less than one year: (1) The parents have abandoned the child in the sense that they have failed to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare. . . ."

[3] Practice Book § 326 provides in relevant part: "[A]ny civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed."

[4] General Statutes § 52-270 provides in relevant part: "(a) The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases."

limits of such power. *Kubeck* v. *Foremost Foods Co.,* 190 Conn. 667, 669–70, 461 A.2d 1380 (1983); *Widman* v. *Kearns,* 96 Conn. 254, 259, 114 A. 77 (1921).

The respondent's petition for a new trial is based on the claim that she did not have a reasonable opportunity to appear and present her defense at the hearings due to her medical problems. The want of "a reasonable opportunity to appear and defend" is ground for a new trial only when the movant also establishes that "a just defense in whole or in part existed" to the ground for termination, the abandonment of her child. See *Bellonio* v. *Thomas Mortgage Co.,* 111 Conn. 103, 105, 149 A. 218 (1930). The respondent failed to prove that she did not have a reasonable opportunity to appear. The record describes the extraordinary efforts made by the court and her attorney to notify the respondent of the various court dates for the hearings. At the hearing on the motion to reargue, the respondent testified that she was attempting to overcome her drug abuse. This testimony was offered to support her claim that she had a defense to the state's petition. The trial court found that her continuous drug abuse did not constitute a valid defense because her drug problem was the very reason for the commitment of the child in 1980. On the evidence presented, we cannot say that the trial court abused its discretion in denying the new trial.

We further hold that the trial court's decision not to open the judgment pursuant to General Statutes § 52-212[5] was not an abuse of discretion. The respondent posits that her constitutional right to due process was violated by the court's refusal to open and set aside the judgment because her absence at trial resulted in an inadequate presentation of her case and a default judgment was rendered against her. In its memoran-

---

[5] The grounds to open a judgment rendered after a default under this statute are similar to those in General Statutes § 52-270.

dum of decision, the trial court stated that the judgment terminating the respondent's parental rights was not a default judgment. The respondent had received notice, had appeared at the first hearing, and had been represented by counsel who appeared at the first hearing.

Assuming arguendo, as did the trial court, that the judgment was rendered after a default for failure to appear, we hold that its decision not to open the judgment was not an abuse of discretion. In order to set aside a judgment passed upon default, there must be a showing (1) that a good defense existed at the time judgment was rendered, and (2) that the party seeking to set aside the judgment was prevented from appearing because of mistake, accident or other reasonable cause. General Statutes § 52-212; *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 712, 462 A.2d 1037 (1983); *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.,* 179 Conn. 290, 292, 426 A.2d 278 (1979). The trial court found that the respondent's failure to appear and assert a good defense was not the result of a mistake, accident or other reasonable cause but the result of her own negligence.[6] The denial of a motion to open a default judgment is not an abuse of discretion where the failure to assert a defense was the result of the moving party's negligence.

There is no error.

In this opinion the other judges concurred.

---

[6] The respondent was not deprived of the right to be heard "at a meaningful time and in a meaningful manner." *Mathews* v. *Eldridge,* 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). As a result of her own negligence, she failed to exercise her right to be heard. The procedures used in the present case consisted of notice through personal service of the petition and mailed notice for all the hearings, court appointed counsel present at all hearings, eight hearings and two hearings on a motion to open judgment.