EASTERN ELEVATOR COMPANY, INC. *v.*
LEONARD SCALZI, JR.
(12052)

HEALEY, PARSKEY, SHEA, GRILLO and BIELUCH, Js.

Argued March 13—decision released May 1, 1984

*David M. Wallman,* for the appellant (defendant).

*Jeffrey R. Sands,* with whom, on the brief, was *Joan G. Margolis,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. The defendant, Leonard Scalzi, Jr., d/b/a Horizon Development Co., has appealed from the denial by the trial court, *Fracasse, J.,* of his motion to open default and judgment after default. We find no error.

The plaintiff, Eastern Elevator Company, Inc., and the defendant executed a contract on July 2, 1980, for the sale and installation of an elevator. The plaintiff agreed to sell, deliver and install the elevator for which the defendant agreed to pay. The plaintiff performed the contract and made demand for $27,428.12 for so doing. After the defendant paid $10,000 on this debt nothing further was paid although a demand was made for the balance due. This action was instituted to seek the principal balance of $17,428.12 plus interest and reasonable attorney's fees.[1] The defendant's counsel filed his appearance on September 17, 1982, two days after the action was returned to court. On October 25, 1982, the plaintiff filed a motion for default for failure to plead, which appeared on the short calendar on November 12, 1982, and was granted by the court, *Hurley, J.,* on November 15, 1982. On November 24, 1982, the plaintiff filed its motion for judgment which appeared on the short calendar on December 13, 1982, but was marked off by agreement of counsel. This motion next appeared on the short calendar on January 3, 1983. It was granted on January 6, 1983, by the court, *Celotto, J.,* in the amount of $20,826.60. On

---

[1] The defendant was represented in the trial court by the same attorney who represents him on this appeal.

February 7, 1983, the Superior Court, upon the plaintiff's application, issued a property execution. Thereafter, on March 1, 1983, the defendant filed his motion to open default and judgment after default.[2] On that date, after hearing argument by both counsel, the trial court, *Fracasse, J.,* denied the defendant's motion.[3] This appeal followed.

On appeal, the defendant claims that (1) the defense presented in his motion was sufficient as a matter of law to support his motion, and (2) an affidavit filed under General Statutes § 52-212 is assumed to be well pleaded and the test the trial court should have applied is whether the affidavit on its face states a defense. We disagree.

---

[2] The motion and accompanying affidavit were as follows:

"MOTION TO REOPEN DEFAULT
AND JUDGMENT AFTER DEFAULT

The Defendant in the above captioned matter respectfully moves that the Default and Judgment After Default be reopened in accordance with the affidavit annexed hereto and that pursuant to Section 52-212, that the Plaintiff be enjoined from enforcing such judgment until a hearing on this matter.

THE DEFENDANT
By /s/ David M. Wallman"

---

"STATE OF CONNECTICUT
STAMFORD
COUNTY OF FAIRFIELD

Personally appeared, David M. Wallman, who being duly sworn, deposes and says:

1. I am the attorney for the Defendant in this action;

2. I did not file a pleading in this matter because I was unable to discuss the matter with my client and did not know whether a valid defense existed to the claim, all of which were related to the Plaintiff's attorney.

3. After finally reaching my client, I have been informed that the elevator installed did not function properly, that it constantly missed stopping at floors and needed an inordinate amount of servicing.

/s/ David M. Wallman

Subscribed and sworn . . . March 1, 1983."

[3] We have examined the transcript of the hearing of March 1, 1983, which has been filed in this court.

The power of a court to open a default judgment is controlled by § 52-212 of the General Statutes. *A.D.C. Contracting & Supply Corporation* v. *Thomas J. Riordan, Inc.*, 176 Conn. 579, 580, 409 A.2d 1027 (1979); *Munch* v. *Willametz,* 156 Conn. 6, 9, 238 A.2d 424 (1968); see Practice Book § 377. That statute provides in relevant part that any judgment rendered upon a default "(a) . . . may be set aside . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good . . . defense . . . existed at the time of the rendition of the judgment . . . *and* that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." It further provides that "(b) [t]he complaint or written motion . . . shall state in general terms the nature of the . . . defense . . . ." (Emphasis added.) Practice Book § 377 contains substantially similar language. It is thus clear that there is a two-pronged test to set aside a judgment rendered after a default. *A.D.C. Contracting & Supply Corporation* v. *Thomas J. Riordan, Inc.*, supra, 580–81. There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. General Statutes § 52-212; Practice Book § 377; *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.,* 179 Conn. 290, 292, 426 A.2d 278 (1979); *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523, 375 A.2d 1009 (1977). The plaintiff argues that the defendant's motion and accompanying affidavit do not satisfy either prong of the test and that the trial court did not abuse its discretion in denying the motion. " 'Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court,

and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. See *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280 [1972]; *Stocking* v. *Ives,* 156 Conn. 70, 72, 238 A.2d 421 [1968]; 46 Am. Jur. 2d, Judgments, § 682.' *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009 [1977]; *Sebastiano* v. *Corde,* 171 Conn. 324, 325, 370 A.2d 946 [1976]. General Statutes § 49-15. 'The denial of such relief to a party who has suffered a default judgment by his failure to defend properly should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's own negligence.' *Manchester State Bank* v. *Reale,* supra, 524; *Jaquith* v. *Revson,* 159 Conn. 427, 431, 270 A.2d 559 [1970]; *Jacobson* v. *Robington,* 139 Conn. 532, 95 A.2d 66 [1953]." *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* 181 Conn. 141, 143–44, 434 A.2d 341 (1980); see *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.,* supra, 293.

The defendant's first claim is that the defense presented was sufficient as a matter of law to support his motion. This claim lacks merit. While admitting that the defense presented in his motion was "sketchy and brief," he argues it is sufficient, claiming that § 52-212 requires only that the moving party state "in general terms the nature of the . . . defense" and that "[a] great deal is not required of the Defendant, only that a defense existed at the time of the rendition of the Judgment." There is no "showing"; *Manchester State Bank* v. *Reale,* supra, 523; that the defense asserted existed at the time of the judgment as the first prong of the test requires. While the nature of the defense may be stated in "general terms," this "showing" is critical. Significantly, at the hearing on the motion, the court inquired whether the plaintiff "had any correspondence with the defendant regarding either the liability or the payment?" The plaintiff's counsel indi-

cated that she had had "telephone conversation with the defendant's attorney." Not once during that hearing did the defendant's counsel indicate the time when, with reference to the time the judgment was rendered, the defense now asserted had arisen.[4] In any event, mere lack of knowledge that a particular defense was available is insufficient cause for opening a judgment. Id. The claim that the defense presented was sufficient as a "matter of law" is, therefore, rejected.

The defendant next claims that General Statutes § 52-212 "requires" the court to "assume" the defense set out in the affidavit accompanying the motion to open to be "well pleaded" and that the test is whether the affidavit states a defense. He suggests, in advancing this argument, that a proper analogy may be made to a motion to strike, where the factual accuracy of the pleadings is assumed and the legal sufficiency of the allegations is tested. See Practice Book § 152. We must reject this "presumption" approach to a motion under § 52-212. It misconceives our case law construing § 52-212 and the suggested analogue to motions to strike is wide of the mark. We do not know of and have not been referred to any tenets of statutory construction that "require" any such "presumption." The moving party on a motion to open must not only "allege,"

---

[4] Our examination of the transcript of the hearing of March 1, 1983, discloses nothing concerning the defense now advanced. The $10,000 which had been paid on the contract price by the defendant was paid prior to the commencement of this action.

Not only do the pleadings allege that the defendant "accepted" the elevator on or about September 1, 1981, but the court file contains a signed acceptance by the defendant, dated September 22, 1981, stating that "[w]e have examined [the] elevator recently installed . . . and find it satisfactory and in accordance with our contract." That "acceptance" also indicates that it was accepted by the state of Connecticut's department of public safety on September 1, 1981.

Although the plaintiff's brief pointedly intimates that no question was ever raised concerning the performance of the elevator until the filing of the motion to open, that assertion has gone unanswered by the defendant.

but also make a "showing" sufficient to satisfy the two-pronged test of § 52-212; *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.,* supra, 292; *Manchester State Bank* v. *Reale,* supra, 524; *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, 300, 224 A.2d 739 (1966); unaided by the suggested "presumption." Where it appears, as it does here, that the defendant did not present a defense that existed at the time of the rendition of the judgment, a denial of the motion is proper. The defendant has not satisfied the first prong of § 52-212 and this alone provides a proper basis for the decision of the trial court.

We further point out that under the second prong of the statute the defendant has not sustained his burden of showing that he was prevented by mistake, accident or other reasonable cause from making the claimed defense. General Statutes § 52-212; *Manchester State Bank* v. *Reale,* supra, 525. The affidavit accompanying the motion to open does not aid him here. Moreover, the transcript of the hearing of March 1, 1983, discloses nothing to satisfy the second prong. At that time, the court, by its inquiry, did establish that the defendant had notice both of the motion for default for failure to plead and of the motion for judgment on default.

The statute is remedial, but it is intended to confine the opening of default judgments to meritorious cases. See *Testa* v. *Carrolls Hamburger System, Inc.,* supra, 297. This has not been demonstrated to be such a case. The defendant has satisfied neither prong of § 52-212. The trial court did not abuse its discretion in denying the defendant's motion to open.

There is no error.

In this opinion the other judges concurred.