### TOWN OF GROTON *v.* PETER R. JOHL (8442)

DALY, O'CONNELL and CRETELLA, Js.

Argued September 27, 1990—decision released April 23, 1991

*Paul H. Burnham,* for the appellant (defendant).

*Lloyd L. Langhammer,* for the appellee (plaintiff).

DALY, J. The defendant appeals from the trial court's denial of his motion to vacate a judgment of strict foreclosure rendered on May 30, 1989, pertaining to a tract of land located in the town of Groton.

The following facts are not in dispute. The defendant is the partial owner of a tract of unimproved land on Poquonnock Road and Rainville Avenue in Groton. The property was attached by the plaintiff on or about June 7, 1982. On September 29, 1987, the plaintiff obtained a judgment against the defendant in the amount of $59,001. A judgment lien was filed on October 8, 1987, and the plaintiff moved to foreclose the lien by a writ dated April 6, 1988. On January 18, 1989, the plaintiff filed a motion for judgment of strict foreclosure that was rendered by the trial court on May 30, 1989. No appeal was taken from this judgment. On August 1, 1989, the defendant filed a motion to vacate the judgment of strict foreclosure that was denied on September 5, 1989. This appeal followed.

The defendant claims that the trial court should have granted his motion to vacate because the trial court lacked jurisdiction, abused its discretion concerning the

valuation of the property, should have ordered foreclosure by sale rather than strict foreclosure, and should have granted the defendant's motion to restore his counterclaim. We disagree.

Whether pursuant to the common law or a statute, the trial court's granting or refusing an application to open a judgment is generally within the court's discretion and will not be disturbed on appeal unless such discretion has been clearly abused. General Statutes § 49-15;[1] *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* 181 Conn. 141, 143, 434 A.2d 341 (1980).

The defendant's claim that the trial court lacked subject matter jurisdiction on May 30, 1989, was based on a then pending appeal from the judgment underlying the lien at issue. The record indicates, however, that the appeal was dismissed by this court on January 30, 1989, with certification denied by the Connecticut Supreme Court on May 25, 1989. *Groton* v. *Johl,* 212 Conn. 801, 560 A.2d 984 (1989). That decision was rendered prior to the trial court's judgment of strict foreclosure. Thus, the trial court had subject matter jurisdiction. See Practice Book § 4050.

The defendant next claims that the trial court abused its discretion by refusing to reconsider the finding of value made in connection with the judgment of foreclosure rendered on May 30, 1989. That claim, however, would have us retry the evidence of valuation presented to the trial court. The function of an appel-

[1] General Statutes § 49-15 provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."

late court is to review, not to retry, the proceedings of the trial court. We cannot retry the facts or pass on the credibility of the witnesses concerning the property's value. *Licari* v. *Blackwelder,* 14 Conn. App. 46, 51, 539 A.2d 609, cert. denied, 208 Conn. 803, 545 A.2d 1100 (1988). Thus, the trial court's findings must stand.

The defendant also claims that the trial court abused its discretion in not ordering a foreclosure by sale. The plaintiff filed a motion for a judgment of strict foreclosure on January 18, 1989. The record discloses that the defendant never made any claim for foreclosure by sale, and in fact he suggested a law day of August 1, 1989, at the hearing of April 17, 1989. Thus, the defendant's claim is without basis.

Finally, the defendant argues that the trial court never acted on his motion to restore his counterclaim. On December 6, 1988, the trial court ordered the defendant's counterclaim to be nonsuited and a default entered for the plaintiff on the complaint because the defendant failed to appear at a pretrial conference. " 'The denial of . . . relief to a party which has suffered a default judgment by his failure to defend properly should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's own negligence.' " (Citations omitted.) *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* supra, 143–44. Here, the defendant's own negligence in failing to appear was the cause of the nonsuit entered for the plaintiff.

After reviewing the present circumstances and the record before us, we cannot say that the trial court abused its discretion in refusing to open the judgment of strict foreclosure.

The judgment is affirmed and the case is remanded with direction to set new law days.

In this opinion the other judges concurred.