[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT
Limited Partnership Prefix Code: QCN
The defendant has moved to reopen a judgment against him which was entered on June 29, 1993 after his default for failure to appear. Based upon memoranda and affidavits submitted by the parties concerning that motion, the court finds the following facts. In 1991 the plaintiff, Fidelity and Deposit Company of Maryland ("FD") instituted and action entitled Fidelity andDeposit Company of Maryland v. Ruth Altman, et al, in the Supreme Court of the State of New York against the defendant, Joseph L. Madden and numerous others. In the New York action FD sought to enforce indemnity agreements between itself and the defendants, including Madden. Those indemnity agreements were signed in connection with the defendants' purchase of Limited Partnership Interests in Colonial Constitution Limited Partnership. Under the terms of the indemnity agreements, which were each titled "Indemnification and Security Agreement", the defendants, including Madden, agreed to "indemnify [plaintiff] for any and all liabilities . . . which [plaintiffs may incur or sustain" in connection with a bond issued by FD guaranteeing the limited partners' payments on notes used to purchase limited partnership interests. The Indemnification and Security Agreement also contained a forum selection clause in which the parties agreed to be subject to the jurisdiction of the New York courts in any action to enforce the Agreement.
On August 11, 1991 Madden was served by a Connecticut Deputy CT Page 1401-HH Sheriff with the New York Complaint at his residence at 169 Candlewyk Drive, Newington, Connecticut. Madden failed to appear in the New York action and Judgment was entered against him on February 23, 1993 in the amount of $34,247.32. By complaint dated March 25, 1993, FD commenced this action to enforce the New York judgment. Madden was properly served with the summons and complaint in this action by abode service at 169 Candlewyk Drive, Newington, on March 25, 1993. He did not enter an appearance in the action and did not respond to motions for default for failure to appear or plead which were mailed to him at 169 Candlewyk Drive, Newington on April 16, 1993 and May 14, 1993, respectively. The plaintiff's counsel mailed a copy of the Motion for Judgment to Madden at the same address on June 16, 1993. Madden failed to respond to that Motion and failed to appear at the hearing on the Motion on June 29, 1993.
The Motion for Judgment Upon Default was granted on June 29, 1993. On August 23, 1993 Madden filed the Motion to Reopen Judgment. Thereafter, Madden filed a Motion for Stay in this action based on a Motion to Vacate the New York Default Judgment pending in the New York action. On February 25, 1994 that Motion to Vacate was denied by the New York Supreme Court.
The plaintiff opposes the Motion to Reopen on two grounds. First, it argues that the Motion is time barred. Second, the plaintiff asserts that Madden has not satisfied the two pronged test required under Practice Book § 377, and Connecticut General Statutes § 52-212.
A judgment rendered upon default may be set aside upon motion within four months following the date on which it was rendered. Practice Book § 377; Connecticut General Statutes § 52-212. In this case the Motion to Reopen Judgment was timely filed. The defendant took no action to obtain the court's ruling on the motion for several years. However, the court does not find that the defendant's inaction converted a timely filed motion into one that was time barred. The court is unaware of anything preventing the plaintiff from reclaiming the Motion to Reopen.
In order to set aside a default judgment, there must be a showing that (1) a good defense existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident, or other reasonable cause. Connecticut General Statutes § 52-212 and Practice Book § 377. Since the conjunctive "and" meaning "in CT Page 1401-II addition to" is employed between the parts of the two prong test, both tests must be met. Costello v. Hartford Institute ofAccounting, Inc., 193 Conn. 160, 167, 475 A.2d 310 (1984); Kaplan Jellinghaus v. Newfield Yacht Sales, Inc., 179 Conn. 290, 292,426 A.2d 278 (1979).
In an affidavit presented in support of the Motion to Reopen Judgment, Madden claims that he did not receive the summons and complaint in the New York action, but does not deny receiving the summons and complaint in this action. He also admits that he received the Motions for Default for Failure to Appear and Plead. He also denies that he received the Motion for Judgment upon Default in this action. This is contrary to the certification of the plaintiff's counsel, which indicates that the Motion for Judgment was mailed to Madden at his Candlewyk Drive address on June 16, 1993. The certification of counsel as to service raises a rebuttable presumption that the defendant received the document served. Hartford Electric Light Co. v. Tucker, 183 Conn. 85, 90,438 A.2d 828, cert. denied, 454 U.S. 837, 102 S.Ct. 143,70 L.Ed.2d 118 (1981); Hallenbeck v. St. Mark The Evangelist Corp.,29 Conn. App. 618, 627, 616 A.2d 1170 (1992). Absent some plausible explanation as to how the defendant received the motions for default, but did not receive the Motion for Judgment mailed to the same address, the court finds that the defendant's denial of receipt of the Motion for Judgment insufficient to overcome the presumption that he received that document.
The only cause that Madden offers for his failure to respond to the complaint or motions filed in this action is that he did not have sufficient funds to retain counsel to represent him. However, he admits that he could have borrowed funds to retain counsel if he believed that the action was close to judgment. In fact, within two months of the date on which judgment entered against him, he had retained the services of an attorney to represent him. He had more than two months to retain an attorney prior to the entry of judgment against him. In addition, he could have entered a pro se appearance in order to avoid a default.
The denial of a motion to reopen judgment to a party who has suffered a default judgment by his failure to defend properly should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's own negligence. Manchester State Bank v. Reale, 172 Conn. 520, 524,375 A.2d 1009 (1977); Jaquith v. Revson, 159 Conn. 427, 431,270 A.2d 559 (1970); Jacobson v. Robington, 139 Conn. 532, 95 A.2d 66
CT Page 1401-JJ (1953); Hartford Federal Savings Loan Assn. v. State HarborCorporation, 181 Conn. 141, 143-44, 434 A.2d 341 (1980); EasternElevator Co. v. Scalzi, 193 Conn. 128, 132, 474 A.2d 456 (1984). The defendant's affidavit indicates that the defendant, in essence, took no action to respond to the plaintiff's suit because he did not believe that the plaintiff was "close" to obtaining a judgment. As such it establishes nothing more than the defendant's own negligence. It does not establish accident, mistake or reasonable cause within the meaning of Practice Book § 377 and § 52-212.
For the foregoing reasons, the Motion to Reopen Default Judgment is denied.
By the court,
Aurigemma, J.