[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE, OR CLARIFICATIONAND ARTICULATION
By pleading dated March 15, 1996, the pro se defendant moved for permission to amend her counterclaim. The court denied that motion, citing Beckman v. Jalich Homes, Inc.,190 Conn. 299, 302-303 (1983). The defendant has moved for reconsideration of that ruling claiming that the plaintiff's attorney has pleaded guilty in United States District Court to bank fraud, that he will be sentenced on June 3, 1996, and that because of that occurrence the trial of this case scheduled to start in a very few weeks will be unable to go forward.
In Beckman v. Jalich Homes, Inc., supra, 190 Conn. 302-303, the Supreme Court reiterated: "While our courts have been liberal in permitting amendments; Johnson v. Toscano,144 Conn. 582, 587, 136 A.2d 341 (1957); this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment.Cummings v. General Motors Corporation, 146 Conn. 443, 449-50,151 A.2d 884 (1959). The motion to amend is addressed to the trial court's discretion which may be exercised so far as necessary to prevent unreasonable delay of the trial. Freciav. Martin, 163 Conn. 160, 164, 302 A.2d 280 (1972)."
First, as for the length of the delay, this action was returnable to this court in 1982. It is now 1996. This action CT Page 4022-V is among the three dozen oldest civil actions still pending in the Superior Court of the State of Connecticut. Second, as for the fairness to the opposing party, were the court to allow the amendment, the plaintiff might be constrained to engage in eve of trial discovery. Third, as for the negligence of the defendant as the party offering the amendment, it does appear that the matters contained in the amended pleading could have been offered in 1995 rather than in 1996. On the other hand, it may be that the new matter, to the extent it gives rise to a legally cognizable claim for relief, may be asserted in a separate civil action.
As for the claim that the plaintiff's attorney has been convicted of bank fraud and will be suspended from the practice of law, this is not a matter of record in this court. Even if the attorney has been convicted of a felony in federal, when and whether he will be suspended in this court remains a matter of speculation. See Practice Book §§ 28A, 28B, 28C.
The dispositive factors are that this case is fourteen years old and is scheduled to be tried shortly. The court is convinced that while the denial of the defendant's motion will put a limit on the catalogue of the defendant's grievances, it will not visit substantial injustice on her nor deny her a full and fair day in court. "The motion to amend is addressed to the trial court's discretion which may be exercised so far as necessary to prevent unreasonable delay of the trial."Beckman v. Jalich Homes, Inc., supra, 303. Given the remarkable age of this case, the court has exercised its discretion in that manner. Upon reconsideration, the motion to amend is again denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court