[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This medical malpractice action was made returnable on May 16, 1989. On October 14, 1993, the plaintiffs moved to amend CT Page 7054 their reply to the special defenses. The defendant Weinstein objected.[1] More that three years later the objection was been claimed for a ruling and came before the court on December 16, 1996.
"`While our courts have been liberal in permitting amendments; Johnson v. Toscano, 144 Conn. 582, 587, 136 A.2d 341
(1957); this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. Cummings v. General Motors Corporation, 146 Conn. 443,449-50, 151 A.2d 884 (1959). The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. Freccia v. Martin, 163 Conn. 160,164, 302 A.2d 280 (1972). Beckman v. Jalich Homes, Inc.,190 Conn. 299, 302-303, 460 A.2d 448 (1983)." Connecticut NationalBank v. Voog, 233 Conn. 352, 364, 658 A.2d 172 (1995).
The determination of these criteria depends largely on whether the objection and request are viewed as coming before the court in 1993, when they were filed, or today, in December 1996. The court is convinced that it was incumbent on the plaintiff to have sought a ruling sooner, since it was the plaintiff who sought the amendment; cf. Connecticut National Bank v.Oxenhandler, 30 Conn. App. 541, 549, 225 Conn. 924, 625 A.2d 822
(1993); and the amendment could not be deemed filed until the objection was overruled. See Practice Book § 176(c); cf.Agnew v. Gibson, 15 Conn. Sup. 161 (1947).
The matter is one of the oldest pending jury cases in this judicial district; see Beckman v. Jalich Homes, Inc., supra,190 Conn. 103; and is scheduled for trial in one month, during the week of January 20, 1997.
However, "prejudice is the linchpin to this claim. . . ."Besade v. Interstate Security Services, 212 Conn. 441, 451,562 A.2d 1086 (1989). This court cannot determine the propriety of the request without a better understanding of whether and to what degree the prejudice and delay, which the defendant Weinstein claims, will result if the amendment is allowed. The matter was submitted to the court on the papers. Oral argument is necessary. For this reason, and because a hearing cannot be scheduled much before the week of trial, the objection is continued to the time CT Page 7055 of pretrial; Practice Book § 265(c); or assignment to a specific trial judge.
BY THE COURT
Bruce L. LevinJudge of the Superior Court