[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER Defendant, Quality Towing Corporation and Non-Party, Patricia Noto's Motion to Reopen Judgment (#114) and Motion to Open (#115) of Defendants Ritz Realty Corporation and Shiomo Oz
The defendants move in their separate motions to open the judgment entered November 5, 1999 against them in the instant case. In these motions the defendants contend that good defenses existed at the time judgment entered and that they were prevented from making these defenses because of mistake, accident or other reasonable cause, citing General Statutes § 52-212. The claim of the defendant is that their attorney was negligent in his representation of them.
To obtain relief from a judgment rendered after a default, two things must occur. "There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. General Statute §52-212 . . . (citations omitted)" Eastern Elevator Co., Inc. v.Scalzi, 193 Conn. 128, 131, (1984).
It is well settled that negligence of a party or his counsel is insufficient to obtain relief under Section 52-212. SeeSegretario v. Stewart-Warner Corporation, 9 Conn. App. 355
(1986); Pantlin and Chananie Development Corp. v. Hartford Cementand Building Supply Company, 196 Conn. 233 (1985). CT Page 685
This court finds for the reason stated that the defendants are not entitled to the relief sought. Accordingly, their motions to Reopen Judgment and to Open Judgment are denied.
Hennessey, J.