[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT
CT Page 6911
The plaintiff, Anthony D. DeLeon, Jr., has moved for leave to file an amended complaint adding some factual allegations and supplementing the original causes of action with three new counts. Two of the proposed new counts are claims that defendants Anthony Fonda, Robert Liguori, Westerly Commercial Associates Limited Partnership, Konover Development Corporation and Konover Management Corporation violated the Connecticut Unfair Trade Practices Act ("CUTPA") by the same conduct that the plaintiff claims in existing counts of his complaint violate various duties and obligations owed to him by the defendants. The plaintiff also seeks to add a new count alleging that the same conduct constitutes statutory theft.
All of the defendants against whom the proposed new counts are directed have filed objections to the request for leave to amend.
Standard for permitting amendment
Practice Book § 10-60 allows amendment only by stipulation of the parties, or, where a party objects, by leave of the court after the first thirty days following the filing of a complaint. The Supreme Court has noted that "(a)mendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Connecticut National Bank v. Voog,233 Conn. 352, 34 (1995); AirKaman, Inc. v. Groppo, 221 Conn. 751,766 (1992); Cummings v. General Motors Corp. , 146 Conn. 443,449-50 (1959). A motion to amend is addressed to the trial court's discretion, which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. AirKaman, Inc. v. Groppo,221 Conn. 766; Freccia v. Martin, 163 Conn. 160, 164 (1972). An amendment should be allowed if it asserts a claim that a defendant has already addressed in a special defense. Falby v.Zarembeski, 221 Conn. 14, 26, n. 10 (1992)
Amendment
The trial of the above case has been scheduled for November 2000, and amendment will not delay the trial. Issues concerning claimed expiration of statutes of limitation have been adjudicated previously with reference to the potential application of the doctrine of fraudulent concealment of the CT Page 6912 plaintiff's cause of action.
The plaintiff alleges no new facts in the proposed new counts, but characterizes the conduct previous pleaded as giving rise to additional, statutory, causes of actions based only on the same transactions and facts. The defendants object that since the plaintiff claims to have discovered the transactions at issue in 1994, the proposed statutory claims are barred by the three-year statute of limitations. The expiration of a statute of limitation is not a bar to amendment if the proposed new claim arose out of the same conduct, transaction or occurrence set forth in the original pleading; rather, in that situation the amendment relates back to the date of the original pleading.Gurliacci v. Mayer, 218 Conn. 531, 547 (1991); Giglio v.Connecticut Light Power Co., 180 Conn. 230, 239-40 (1980) The proposed new counts would have been within the three-year limitations period had they been brought at the time of the original complaint in 1997. Since they assert no new or different factual basis, they relate back to the original complaint.
While the defendants refer in their objections to discovery having been in progress, they do not assert that the proposed new claims would require any depositions to be retaken or any additional discovery to be required because the same acts are characterized as CUTPA violations and statutory theft.
Conclusion
The defendants have not identified any valid reason to deny leave to amend. If they believe that the statute of limitations issues they raise are different from the issues already decided by Judge Flynn with regard to other claims arising from the same facts, they are free to file appropriate motions addressed to the amended complaint.
The defendants' objections are overruled, and the court grants the plaintiff's request for leave to amend, such that the proposed Amended Complaint dated April 26, 1999 is hereby accepted for filing as the operative complaint in the above-captioned case.
Beverly J. Hodgson, Judge of the Superior Court