******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VORCELIA OLIPHANT *v.* GAIL HEATH ET AL.

(AC 38221)

Beach, Mullins and Bear, Js.*

*Argued November 29, 2016—officially released January 24, 2017*

(Appeal from Superior Court, judicial district of New Britain, Young, J.)

*Vorcelia Oliphant*, self-represented, the appellant (plaintiff).

*Kelly A. Freitas*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Vorcelia Oliphant, appeals from the judgment of the trial court denying her motion to open a judgment of nonsuit and denying her motion to reargue or reconsider the court's denial of her motion to open. On appeal, the plaintiff claims that the court erred in denying her motions. We affirm the judgment of the trial court.

The record reveals the following. The plaintiff brought this action seeking to recover damages that she allegedly sustained as a result of a motor vehicle accident. On June 20, 2014, the court issued a scheduling order, which, in part, provided that a pretrial status conference would be held on January 30, 2015. The plaintiff acknowledges that she received notice of the scheduling order the day it was issued, and the record reveals that she also signed the order, agreeing to the schedule. When the plaintiff failed to attend the status conference, the trial court, on January 30, 2015, sua sponte, rendered a judgment of nonsuit. On Monday, June 1, 2015, the plaintiff, who was acting as a self-represented party, filed a motion to open the judgment, claiming that she had believed that an attorney who was representing her in a different case was going to reschedule the pretrial conference and that the plaintiff had not received additional notices of the pretrial date as the date got closer. On June 22, 2015, the court denied the motion to open, and, on July 13, 2015, the plaintiff filed a motion to reargue and reconsider, which the court, on July 14, 2015, also denied.

The basis for the court's denial of the motion to open provides, in relevant part: "[T]he plaintiff has failed to establish she was prevented by mistake, accident, or reasonable cause from attending the pretrial conference for which she admits she received notice. The plaintiff's assertion that she failed to appear because this court failed to provide her with reminder notices of the pretrial conference date is not well taken. Her assertion that an attorney in another action was supposed to have the pretrial in this action rescheduled is without support and not credible. As the plaintiff admits that she had notice of the pretrial conference but provides no reasonable basis for her failure to attend, she has failed to establish any mistake, accident, or other reasonable cause."

The court also articulated its ruling on the plaintiff's motion to reargue or reconsider: "The court articulated its basis for denial of [the plaintiff's motion to open]. The plaintiff's motion [to reargue or reconsider] does not address the deficiencies articulated by the court in [the motion to open], but merely reiterates that the plaintiff was negligent in failing to appear for her pretrial conference." This appeal followed.

"The principles guiding our review are well settled.

Except in cases in which a judgment has been obtained by fraud, duress or mutual mistake or, under certain circumstances, where newly discovered evidence exists to challenge the judgment, the power of a court to open a judgment after a default has entered is controlled by statute. . . . General Statutes § 52–212 (a) sets forth two requirements to open a judgment and provides in relevant part: Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense. . . .

"We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . .

When a motion to open is filed more than twenty days after the judgment [as in the present case], the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Flater* v. *Grace*, 291 Conn. 410, 418–19, 969 A.2d 157 (2009).

After reviewing the record, including the briefs and oral argument of the parties, we conclude that the court did not abuse its discretion in denying the motion to open or the motion to reargue or reconsider. As the trial court aptly explained, the plaintiff admitted that she had notice of the pretrial conference many months in advance. The court found her contentions regarding her attorney in a different matter not to be credible and to be unsupported. The court concluded that the plaintiff had failed to establish that her reason for not attending the pretrial conference was due to mistake, accident, other reasonable cause, or anything beyond mere negligence. We have been presented with nothing on appeal that persuades us that the court abused its discretion in denying the plaintiff's motions.

The judgment is affirmed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.