******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JENNIFER QUESTELL *v.* SHEEBA FAROGH
(AC 38716)

Alvord, Prescott and Kahn, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court, which denied her motion to open and set aside that judgment after she was defaulted for her failure to appear at a scheduled trial management conference. The plaintiff had sought to recover damages for negligence in connection with injuries she suffered when she fell on the defendant's real property. At a conference that both parties attended, the trial court issued a scheduling order that set a date and time for the trial management conference. The court thereafter issued notices that reminded the parties of the trial management conference. After the defendant, who was self-represented, failed to appear for the trial management conference, the court rendered judgment of default against her and, after a hearing, awarded the plaintiff damages. The court subsequently denied the defendant's motion to open and set aside the judgment. On appeal, the defendant claimed that, although she had attended the conference in which the court scheduled the trial management conference and had received notice reminding her of the date and time of the trial management conference, she was prevented by mistake from appearing at that conference because, as a nonattorney, she was unfamiliar with the court system, and because several motions and notices that had been filed and issued, respectively, in the month before that conference led her to believe that it was no longer scheduled. *Held* that the trial court did not abuse its discretion in denying the defendant's motion to open and set aside the default judgment; the defendant having admitted that she was present when the trial management conference was scheduled and that she thereafter had been issued notice that confirmed the date and time of the conference, and there having been no evidence to suggest that she received notice from the court canceling the conference, or that she attempted to contact the court to verify whether the conference was canceled, the court reasonably could have found that she was not prevented from attending the trial management conference as a result of mistake, accident or other reasonable cause, but that her failure to attend the conference was due to her negligence.

Argued June 1—officially released August 1, 2017

*Procedural History*

Action to recover damages for the defendant's alleged negligence, brought to the Superior Court in the judicial district of New Britain, where the defendant was defaulted for failure to appear; thereafter, the court, *Young, J.*, rendered judgment for the plaintiff; subsequently, the court, *Swienton, J.*, denied the defendant's motion to open the judgment, and the defendant appealed to this court. *Affirmed.*

*Joseph A. O'Brien*, for the appellant (defendant).

*Isaias T. Diaz*, with whom were *Alexa L. Parr* and *Sarah Mather*, for the appellee (plaintiff).

*Opinion*

KAHN, J. The defendant, Sheeba Farogh, appeals from the judgment of the trial court denying her motion to open the default judgment, which was rendered after she failed to appear at a scheduled trial management conference. On appeal, the defendant claims that she was prevented from appearing at the conference by mistake and that a valid defense existed at the time the judgment was rendered. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On August 11, 2014, the plaintiff, Jennifer Questell, initiated an action against the defendant, her landlord. The plaintiff alleged that on December 18, 2013, as a result of the defendant's negligence, she sustained injuries falling down the exterior stairs of her apartment. Specifically, the plaintiff alleged that her injuries resulted from the defendant's failure to remove ice and snow from the apartment's exterior stairs. The defendant filed an answer and special defenses in response to the plaintiff's complaint on October 15, 2014. On November 24, 2014, the plaintiff filed a motion for an extension of time to respond to the defendant's answer and special defenses, which the court granted on December 8, 2014.

On December 17, 2014, the parties attended a scheduling conference before the court, *Young, J.* A scheduling order was issued in open court on that day. The order read in relevant part: "Pretrial conference is scheduled for 9:15 a.m. on [August 13, 2015]. Trial management conference is scheduled for 9:15 a.m. on [September 9, 2015]. A joint report is required. Jury selection is scheduled for 9:30 a.m. on [September 15, 2015]. Evidence will commence at 10 a.m. on [September 22, 2015]." On December 19, 2014, the court issued notices reminding the parties of each of these scheduled events. The notice that set forth the date and time for the September 9, 2015 trial management conference noted that both parties "MUST attend" and that "[f]ailure to comply with these requirements will result in the possible imposition of sanctions, including the entry of orders of default and/or nonsuit."

On August 6, 2015, one week before the parties' scheduled pretrial conference, the defendant's husband contacted the plaintiff's attorney and asked if the conference could be rescheduled. The plaintiff agreed and filed a motion for a continuance requesting that the conference be continued to August 17, 2015. The court granted the motion, noting that a new date was "to be assigned by the case flow coordinator." The record does not reflect that a new date was ever assigned. On August 7, 2015, the plaintiff served the defendant with several requests for admission via certified mail. The defendant signed the certification card, indicating that she had received the requests for admission, but did not

respond. On August 20, 2015, the plaintiff responded to the defendant's special defenses, stating that "the plaintiff denies each and every allegation as set forth in the defendant's special defenses." The plaintiff also filed a certificate of closed pleadings on that day.

On August 20, 2015, the court sent notices to both parties informing them that "the following changes have been made to the schedule for the above-referenced case: jury selection scheduled for [September 15, 2015] is marked off, as the certificate of closed pleadings (#108) claimed the case to the court trial list; evidence scheduled for [September 22, 2015] is changed to reflect a court trial commencing on [September 22, 2015] at 9:30 a.m." That same day, the court sent a second notice to the parties informing them that the matter was scheduled for a court trial on September 22, 2015, at 9:30 a.m., and that "attorneys and self-represented litigants must comply with the statewide civil court trial management order, which may be obtained via the Internet under the standing orders at www.jud.ct.gov or at the civil case flow office. Failure to comply as ordered may result in sanctions." Neither of these notices mentioned the previously scheduled September 9, 2015 trial management conference. The plaintiff subsequently filed a motion to continue the trial to March 22, 2016, noting that additional time was needed for discovery, "as [the] defendant is pro se." The court denied the motion on September 2, 2015.

The defendant subsequently failed to appear at the September 9 trial management conference. The court, *Young*, *J.*, issued an order entering a judgment of default against the defendant for failure to attend the conference. Notice of the judgment was issued to the defendant that day. The court noted in its order that "[t]he trial on [September 22, 2015] will be a hearing in damages to the court."

Approximately two weeks after the judgment of default was entered against the defendant, both parties appeared in court for the September 22, 2015 hearing in damages. At that hearing, the defendant attempted to object to the plaintiff's exhibits, arguing that the plaintiff's claims were false. The court, *Swienton*, *J.*, noted that "the problem is, you've already been defaulted because of a failure to show—failure to show up at a trial management conference on September 9th, and Judge Young defaulted you." In response, the defendant argued: "I received all the papers, but—but I did not receive any date of [September] 9th. I received the date for [September] 22nd, so that's why I'm showed up today." The court then noted: "[O]n December 17th, 2014, the date of September 9th was chosen, and you were present on that date." The defendant responded: "Yeah, I was there that day." After some further discussion, the court had a clerk print a copy of the scheduling order, presented it to the defendant, and said: "That's

the order that was entered on December 17th. And I circled the sentence that says you were to appear on September 9." The court proceeded with the hearing and awarded the plaintiff $29,992.90 in damages.

Approximately three weeks after that hearing, on October 15, 2015, the defendant filed a motion to open the judgment of default entered against her on September 9, 2015. In her motion, the defendant argued that the judgment should be set aside because "[t]he several motions and notices . . . which came out in the month preceding the September 9, 2015 case management conference caused the defendant, a nonattorney unfamiliar with the court system, to mistakenly believe the September 9, 2015 conference was no longer on the schedule." She also argued that she had a "valid defense as to liability" in the underlying action. The court, *Swienton, J.*, denied the defendant's motion without a hearing on December 7, 2015. This appeal followed.

We begin by setting forth the relevant standard of review and applicable legal principles. "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990).

"The power of a court to open a default judgment is controlled by § 52-212 of the General Statutes." *Eastern Elevator Co.* v. *Scalzi*, 193 Conn. 128, 131, 474 A.2d 456 (1984). General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

In order to set aside a judgment passed upon default, then, "there must be a showing that: (1) a good defense existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident, or other reasonable cause." *Pantlin & Chananie Development*

*Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 240, 492 A.2d 159 (1985). "[B]ecause the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to [his or her] motion." (Internal quotation marks omitted.) *Dawson* v. *Britagna*, 162 Conn. App. 801, 806, 133 A.3d 880 (2016).

In support of the second prong of the two part test, the defendant claims that the court abused its discretion in denying her motion to open because she was prevented by mistake from attending the September 9, 2015 trial management conference. The record, however, does not support the defendant's assertion.

The transcript of the September 22, 2015 hearing in damages reveals that the defendant admitted to Judge Swienton that she was present in open court on December 17, 2014, when the trial management conference was scheduled for September 9, 2015. She admitted in her motion to open that she was issued a scheduling order that confirmed that the "[p]retrial conference was scheduled for August 13, 2015; trial management for September 9, 2015, jury selection on September 15, 2015, and trial September 22, 2015." She also admitted that "[o]n August 20, 2015, the court issued a notice that jury selection for September 15, 2015, was marked off and [that a] court trial would commence on September 22, 2015. A separate notice was also issued that [the] court trial would commence on September 22, 2015, at 9:30 a.m. *Neither of these notices mentioned the September 9, 2015 trial management date*, which the defendant now mistakenly believed was off." (Emphasis added.) The defendant does not allege that she ever received a notice canceling the September 9, 2015 trial management conference.

As mentioned, the December 19, 2014 notice setting forth the date and time for the September 9, 2015 conference warned both parties that they "MUST attend" the scheduled conference and that the "[f]ailure to comply with these requirements will result in the possible imposition of sanctions, *including the entry of orders of default and/or nonsuit*." (Emphasis added.) There is no evidence to suggest that the defendant, despite this warning, made any attempt to contact the clerk's office and clarify whether her assumption regarding the cancellation of the trial management conference was correct.

We have previously stated that "[a] court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority." (Internal quotation marks omitted.) *Woodruff* v. *Riley*, 78 Conn. App. 466, 471, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003).[1] This court and our Supreme Court have also repeatedly held that "[n]egligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment

should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, supra, 196 Conn. 240–41; see also *Kaplan & Jellinghaus, P.C.* v. *Newfield Yacht Sales, Inc.*, 179 Conn. 290, 292, 426 A.2d 278 (1979) (defendants' failure to appear negligent where "defendants had notice of both the civil action for payment for legal services and of the motion for judgment," and "received and ignored the legal documents"); *Oliphant* v. *Heath*, 170 Conn. App. 360, 362, 364, 154 A.3d 582 (2017) (plaintiff's failure to attend pretrial conference not "anything beyond mere negligence" where she "admitted that she had notice of the pretrial conference many months in advance" but "failed to appear because [trial] court failed to provide her with reminder notices of the pretrial conference date").

From the record, the trial court reasonably could have found that the defendant was not prevented from attending the September 9, 2015 conference as a result of mistake, accident or other reasonable cause but, on the contrary, that her failure to attend the conference was due to her own negligence.[2] We note that "[a]lthough it is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Multilingual Consultant Associates, LLC* v. *Ngoh*, 163 Conn. App. 725, 734, 137 A.3d 97 (2016). We also note that the question presented in this appeal is not whether this court would refuse to set aside or open the judgment of default. Instead, "[a] motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Dziedzic* v. *Pine Island Marina, LLC*, 143 Conn. App. 644, 651, 72 A.3d 406 (2013). We conclude that the trial court did not abuse its discretion in denying the defendant's motion to open and set aside the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant argues in her reply brief that her failure to appear at the conference was "not the result of negligence or ignoring the proceedings against her." The plaintiff's attorney, by contrast, presented the following argument at the September 22, 2015 hearing in damages: "[T]here are several things that I'm taking issue with. One is that they've had more than sufficient time to deal with this ahead of time. I have no method of contacting them or communicating with them. They're saying on the record that the number they filed with the court is still adequate . . . I have photographs of their boarded up business on my phone. . . . [W]e did everything that we were

obligated to do. And I tried to work with them. There's been no communication, there's been no settlement discussions, and there's been no response to any of my discovery requests. So, I just don't see how giving them a continuance would change anything. Especially considering we already have a liability admission because they chose to ignore their request for admissions that they signed for and received, certified mail."

[2] Because the defendant failed to meet her burden as to the second prong of the two-pronged test outlined previously, we need not address her argument as to the first prong.

---