******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MICHAEL ANDERSON *v.* OCEAN STATE
JOB LOT ET AL.
(AC 40240)

DiPentima, C. J., and Bright and Flynn, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants for false arrest
and malicious prosecution in connection with their alleged conduct in
furnishing false information against him. The defendants filed a motion
to dismiss the action on the ground that the plaintiff failed to appear
for a court-ordered deposition. The trial court granted the motion and
rendered a judgment of dismissal. Thereafter, the plaintiff filed a motion
to open the judgment on the ground that he was incarcerated at the
time of the deposition and, thereby, was prevented from attending it
through no fault of his own. The trial court denied the motion to open,
and the plaintiff appealed to this court raising claims of fraud. *Held* that
the plaintiff's fraud claims were not reviewable on their merits; the
plaintiff did not raise those claims before the trial court in his motion
to open but, rather, predicated his failure to appear for his deposition
solely on his incarceration, and the plaintiff failed to have his motion
to open verified by oath as required by the applicable statute (§ 52-212),
which was fatal to his claims.

Argued March 5—officially released April 24, 2018

*Procedural History*

Action to recover damages for, inter alia, false arrest,
brought to the Superior Court in the judicial district of
New Britain, where the court, *Swienton, J.*, granted the
defendants' motion to dismiss and rendered judgment
thereon; thereafter, the court denied the plaintiff's
motion to open the judgment, and the plaintiff appealed
to this court. *Affirmed*.

*Michael Anderson*, self-represented, the appellant
(plaintiff).

*Evan K. Buchberger*, for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented plaintiff, Michael Anderson, brought this action alleging that the defendants, Ocean State Job Lot, William Lapore, Tiffany Canon and Robin Givens, furnished false information, causing his false arrest and malicious prosecution. Before trial, the defendants moved to dismiss the action on the ground that the plaintiff failed to appear for a court-ordered deposition on November 18, 2016, which the court granted on December 12, 2016. The plaintiff then moved to open the judgment on the basis that he was incarcerated at the time of the deposition and was prevented from attending through no fault of his own, which the court denied on January 9, 2017. This appeal followed.

On appeal, the plaintiff claims that the defendants' attorney (1) "influenced the court . . . to grant the dismissal using lies, misrepresentations and deceptions to prevail on his motions and ignored the plaintiff's handwritten change of address notice that the plaintiff mailed to him on November 3, 2016," and (2) "thereafter sought to produce false documents and take certain action to deceive the court and deprive the plaintiff of his right of action and remedy by fraud." We affirm the judgment of the court.

There are two reasons we are unable to entertain the plaintiff's claims on the merits. First, in his motion to open, the plaintiff does not once mention the fraud that he now claims. "To allow the [plaintiff] to argue one theory . . . [before the trial court] and then press a distinctly different theory on appeal would amount to an ambuscade of the trial court." (Internal quotation marks omitted.) *Jahn* v. *Board of Education*, 152 Conn. App. 652, 665, 99 A.3d 1230 (2014). We review a trial court's ruling on a motion to open for an abuse of discretion. *Questell* v. *Farogh*, 175 Conn. App. 262, 267, 167 A.3d 492 (2017). The trial court in this case cannot be said to have abused its discretion as to a theory never presented to it. Because the plaintiff only predicated his failure to appear for his deposition on his incarceration, he cannot prevail on his claims of fraud.

Second, the plaintiff failed to have his motion to open verified by oath. A motion to open a judgment upon default of some order of the court is governed by General Statutes § 52-212, which provides in pertinent part that "[t]he complaint or written motion shall be verified by the oath of the complainant or his attorney . . . ." Although we are solicitous of self-represented litigants and allow them some latitude, "the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Questell* v. *Farogh*, supra, 175 Conn. App. 271. This noncompliance is fatal to his claims.

The judgment is affirmed.

———————————————